TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
Justice at Work Law Group
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com

Attorneys for Plaintiff
LUIS ALDAMA ESPINOZA

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALDAMA ESPINOZA,<br><br>Plaintiff,<br><br>v.<br><br>CONCRETE DEMO WORKS INC. and EDSON FERNANDO FLORES,<br><br>Defendants | **Case No.:** 5:15-cv-01850-NC<br><br>**MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND INITIAL CASE MANAGEMENT ORDERS; DECLARATION OF TOMAS E. MARGAIN; ORDER**<br><br>CIVIL L.R. 6-3; FRCP RULE 6(b)(1) |

TO ALL PARTIES AND ATTORNEYS OF RECORD IN THIS ACTION.

Notice is hereby given that Plaintiff moves to continue the Initial Case Management Conference set for August 5, 5015 to Wednesday September 9, 2015 and an extension for Defendants to file a responsive pleading to August 20, 2015. The related Rule 26 and ADR Deadlines are also requested to be moved according to the proposed September 9, 2015 date.

This motion is based on CIVIL L.R. 6-3 and FRCP RULE 6(b)(1) and is supported by the Declaration of Tomas E. Margain, the Court's File and the proposed Order filed herein.

**FOR PLAINTIFF**
DATED:       July 27, 2015           By:   //s// Tomas E. Margain
                                                      **Tomas E. Margain**

- 1 -

MOTION TO CONTINUE

## DECLARATION OF TOMAS E. MARGAIN IN SUPPORT

I, TOMAS E. MARGAIN, declare as follows:

1. I am an attorney duly authorized to practice before this Court and Plaintiff's attorney of record in this action. I base this declaration on my personal knowledge unless otherwise indicated.

2. This lawsuit was filed on April 24, 2015. Docket 1. Defendants were served on June 5, 2015. The proof was filed as to Defendant CONCRETE DEMO WORKS INC. on June 22, 2015. Docket 6. In preparing this motion, I reviewed the proof and saw that Defendant EDSON FERNANDO FLORES was also served and filed the proof of service as to him. Docket 9.

3. On July 13, 2015, Plaintiff filed a Magistrate Consent. Docket 8.

4. After the Complaint was served, my office began receiving phone calls and letters from Defendant CONCRETE DEMO WORKS INC.. I instructed my staff to tell Defendants that they needed to retain an attorney. I myself politely told a woman I later learned was Kimberlyanne Tandoc that Defendants needed to retain an attorney. About a week after I spoke with Ms. Tandoc, on June 23, 2015 I received an email from Joe McCarthy a well-known San Jose attorney who represents construction companies. In his email, Mr. McCarthy asked what monetary demand was being made. That same day, I wrote Mr. McCarthy back and told him I would meet with my client to see if we had enough documents to make a demand. After this exchange, I met with my clients and determined that I did not have enough documents regarding his employment to make a demand.

5. On July 9, 2015, I received a call from Teresa Tandoc, who is a bookkeeper for Concrete Demo and based on her representations other small contractors. I told Ms. Tandoc I did not want to be rude but needed to communicate with Mr. McCarthy. She indicated that the company was not going to hire him. I informed Ms. Tandoc that as strange as it may sound, I could refer her to 2 or 3 defense attorneys who I know represent small contractors in these types

- 2 -

of cases. Mr. Tandoc indicated that she was an experienced bookkeeper and wanted to put together the documentation in the case for me to review to try to settle. I indicated to Ms. Tandoc that my role was not to force Defendants to hire an attorney that would cause them financial hardship but that I recommended that they hire one. I also indicated that if the Defendants were not represented I would review documents which I would consider covered by the confidentiality of settlement communications.

6. Today, I received a follow up call Teresa Tandoc who indicated she now has the documents ready to be reviewed. She also indicated that she hoped they could be the basis for a settlement. We agreed that my client and I could meet with her and Defendant EDSON FERNANDO FLORES this Thursday. I also indicated to Ms. Tandoc that I was going to file a motion to continue the case Management Conference and ask for more time for Defendants to hire an attorney.

7. I am filing this motion as I do not want to take a default and jam Defendants. I also understand that there are pending deadlines and that I cannot unilaterally agree to deviate from and that open ended extensions are an invitation for a case to languish. Having said that, this case is very simple as Plaintiff was a specialized concrete cutter who was sent, mostly by himself, to work with other contractors as he was able to core drill and do other concrete cutting using a specialized machine which looks like a giant rectangle on wheels which is a diamond crusted concrete saw that uses a water jet and vacuum to clean up the water used to lubricate and cool the saw blade. Plaintiff's claim is that he would be paid a set amount of time to drive to a job site but was never paid to drive back to the shop, unload the cutter and more importantly clean out to recycle the muddied water in the barrels of the vacuumed up slurry mixture.

8. I would like to add two things. First, I am going to endeavor to determine if Defendants' gross sales are over $500,000.00 for FLSA jurisdiction which I believe they are. Second, I am well aware that this Court is required to hold a fairness hearing under the FLSA

and that Defendants need to participate in that. My hope is to review the documents enough to understand the value of the case, get authority to make a settlement offer, but also inform Defendants that they need to hire counsel to close the case out. A continuance would allow me to do so.

9. Finally, I am emailing this motion to the email address I have for Mrs. Teresa Tandoc which is that of her daughter kim@concretedemoworks.com.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and accurate.   Executed in San Jose, Santa Clara California.

Dated: July 27, 2015.

By: ____//s// Tomas Margain_____
 Tomas E. Margain

**MOTION**

The Court both under its inherent authority and under CIVIL L.R. 6-3; FRCP RULE 6(b)(1) has the authority to change and modify deadlines. The Court can also extend the time by which a Defendant can respond to the Complaint.

Based on good cause and to protect Defendants' due process rights to respond to the Complaint, Plaintiff respectfully requests that the initial Deadlines be modified as follows:

(1) August 26, 2015 shall be the last day to:

- meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plans;
- file ADR Certification signed by Parties and Counsel
- file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference

(2) September 1, 2015 shall be the last day to:
- File Rule 26(f) Report,
- complete initial disclosures or state objection in Rule 26(f) Report and
- file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement

(3) The Initial Case Management Conference will be set for September 9, 2015 in Courtroom 7, 4th Floor, SJ at 10:00 AM.

Dated:  July 27, 2015

By: _____//s// Tomas Margain_____
Tomas E. Margain

**[ORDER GRANTING MOTION TO CONTINUE AND EXTENSION OF TIME TO RESPOND**

Based on good cause the Court hereby modifies and continues the initial Deadlines as follows:

(3) August 26, 2015 shall be the last day to:

- meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plans;
- file ADR Certification signed by Parties and Counsel
- file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference

(4) September 1, 2015 shall be the last day to:
- File Rule 26(f) Report,
- complete initial disclosures or state objection in Rule 26(f) Report and
- file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement

(3) The Initial Case Management Conference will be set for September 9, 2015 in Courtroom 7, 4th Floor, SJ at 10:00 AM.

The Court also grants Defendants an extension to respond to the Complaint with a Magistrate Consent or Declination to August 20, 2015.

**IT IS SO ORDERED.**

Dated:  July 27, 2015

By: _____
THE HONORABLE Nathanael Cousins
UNITED STATES MAGISTRATE
JUDGE

*GRANTED*
Judge Nathanael M. Cousins
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA